IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM D. SWEAT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 13-3029-CV-DPR ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1] | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

An Administrative Law Judge ("ALJ") denied Social Security Disability Insurance Benefits and Supplemental Security Income to Plaintiff William "Dutch" Sweat in a decision dated March 9, 2012 (Tr. 15-31). The Appeals Council denied review. The ALJ's decision became the Commissioner of Social Security's final decision denying Social Security Disability benefits. *See* 20 C.F.R. § 404.981; 20 C.F.R. § 416.1481. For the reasons set forth below, the decision of the Commissioner of Social Security is **AFFIRMED**.

### LEGAL STANDARDS

Judicial review of a denial of disability benefits is limited to whether there is substantial evidence on the record as a whole to support the Social Security Administration's decision. 42 U.S.C. § 405(g); *Minor v. Astrue*, 574 F.3d 625, 627 (8th Cir. 2009). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. V. NLRB*,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as defendant in this action.

305 U.S. 197, 229 (1938)). "Substantial evidence on the record as a whole," however, requires a more exacting analysis, which also takes into account "whatever in the record fairly detracts from its weight." *Minor*, 574 F.3d at 627 (quoting *Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989)). Thus, where it is possible to draw two inconsistent conclusions from the evidence, and one conclusion represents the ALJ's findings, a court must affirm the decision. *See Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992) (citing *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir. 1989)). In other words, a court should not disturb an ALJ's denial of benefits if the decision "falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). A decision may fall within the "zone of choice" even where the court "might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). A reviewing court is directed to "defer heavily to the findings and conclusions" of the Social Security Administration. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## ANALYSIS

The operative facts and argument are presented in the parties' briefs and will be duplicated here only to the extent necessary. Plaintiff argues that the ALJ erred in assessing his Residual Functional Capacity (RFC) because evidence in the record supports a finding of disability (Doc. 14). The Court has thoroughly reviewed the claimant's medical records, opinion evidence, hearing testimony, and the ALJ's opinion, and finds no error in the ALJ's RFC determination. The ALJ discussed in detail the treatment provided, objective medical findings, and subjective complaints of the claimant regarding the severity of his impairments. More importantly, he properly evaluated the claimant's credibility under the framework of *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). In reviewing an appeal of the denial of Social Security benefits, a court gives great deference to an ALJ's credibility finding so long as the ALJ

"explicitly discredits a claimant's testimony and gives a good reason for doing so." *Buckner*, 646 F.3d at 558 (quoting *Wildman v. Astrue*, 596 F.3d 959, 968 (8th Cir. 2010)). The ALJ found the claimant's subjective complaints not believable and unsupported by the medical records. The ALJ found that the claimant exaggerated his symptoms and used inconsistent effort in physical examinations. Significantly, the record contains evidence that the claimant relied upon a wheelchair when in the presence of medical personnel, but ambulated effectively before and after the medical exam, and even folded up his own wheelchair and fastened it to his car, which required stooping, bending, and reaching activities he claimed he was unable to perform in the doctor's office moments before. The ALJ also properly weighed the medical opinions and gave good reasons for the weight afforded them. *See Reed v. Barnhart*, 399 F.3d 917, 921 (8th Cir. 2005) (quoting 20 C.F.R. § 404.1527(d)(2)).

Therefore, despite the existence of some evidence in the record that could support a finding of disability, the Court finds that the record as a whole reflects substantial evidence to support the ALJ's decision denying benefits. Taken together, the ALJ's determinations fall within the acceptable "zone of choice" of the finder of fact, to which the Court gives great deference. Accordingly, the Court will not disturb the ALJ's denial of benefits.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

**IT IS SO ORDERED.**

**DATED:  March 21, 2014**

                                             /s/ *David P. Rush*
                                             **DAVID P. RUSH**
                                             **United States Magistrate Judge**